UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Daniel Gary Gass,

    Debtor(s).
_____/

Case No. 05-21958-BKC-PGH
Chapter 13

**ORDER OVERRULING DEBTOR'S OBJECTION TO INTERNAL REVENUE SERVICE'S PROOF OF CLAIM**

**THIS MATTER** came before the Court on September 19, 2005, upon Daniel Gary Gass's ("Debtor") Objection to Claim (the "Objection"), the United States of America's (the "United States") Response (the "Response"), filed on behalf of the Internal Revenue Service (the "IRS"), and the Agreed Stipulation for Evidentiary Hearing on Debtor's Objection to Claim and Motion to Value Collateral (the "Stipulation"). The Court, having considered the Objection, the Response, the Stipulation, applicable law, and being otherwise fully advised in the premises, hereby **OVERRULES** the Objection.

**BACKGROUND**

On April 11, 2005, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On June 2, 2005, the IRS filed a Proof of Claim (the "Claim"), which classified Debtor's tax liabilities as follows:

| Unsecured General Claims | |
|---|---|
| Penalty to date of petition on unsecured priority claims (including interest thereon) | $560.40 |
| **Total Unsecured General Claims** | **$560.40** |

1

| Secured Claims | | | | | | | |
|---|---|---|---|---|---|---|---|
| Tax | Period | Date Assessed | Date of Lien Notice | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Amount |
| Civil Penalty[1] | 12/31/97[2] | 12/25/00 | 6/6/02 | $24,220.75 | $0.00 | $6,739.55 | $30,960.30 |
| Civil Penalty | 3/31/98 | 9/13/99 | 6/6/02 | $4,749.30 | $0.00 | $2,186.46 | $6,935.76 |
| Civil Penalty | 6/30/98 | 4/8/02 | 12/31/02 | $5,294.87 | $12.00 | $861.25 | $6,168.12 |
| Civil Penalty | 9/30/98 | 4/8/02 | 12/31/02 | $5,294.87 | $0.00 | $859.94 | $6,154.81 |
| Income | 12/31/99 | 5/28/01 | 6/6/02 | $10,837.79 | $7,859.47 | $4,817.19 | $23,514.45 |
| | | | | Total Secured Claims | | | $73,733.44 |

| Unsecured Priority Claims | | | | | |
|---|---|---|---|---|---|
| Tax | Period | Date Assessed | Tax Due | Interest to Petition Date | Total Amount |
| Civil Penalty | 3/31/01 | 3/28/05 | $6,085.23 | $0.00 | $6,085.23 |
| Civil Penalty | 6/30/01 | 3/28/05 | $6,555.53 | $0.00 | $6,555.53 |
| Civil Penalty | 9/30/01 | 3/28/05 | $5,876.96 | $0.00 | $5,876.96 |
| Income | 12/31/04 | Unassessed - No Return Filed | $5,604.00 | $0.00 | $5,604.00 |
| | | Total Unsecured Priority Claims | | | $24,121.72 |

On July 27, 2005, Debtor filed Amended Schedules, where Amended Schedule D listed the IRS as a secured creditor, secured against $12,916.00 of Debtor's property. On September 16, 2005, the IRS filed an Amended Proof of Claim (the "Amended Claim") based upon Amended Schedule D, which classified Debtor's tax liabilities as follows:

---

[1] According to the Stipulation, each civil penalty was assessed based upon Debtor's failure to remit withheld federal social security and income taxes from the wages of his employees to the government in accordance with 26 U.S.C. §§ 3102(a); 3402(a); and 3403, which subjects Debtor to the penalty provisions of 26 U.S.C. § 6672.

[2] According to the Stipulation, the 1997 civil penalty comprises civil penalties for the following quarters: March 31, 1997; June 30, 1997; September 30, 1997; and December 31, 1997.

2

| Secured Claims | | | | | | | |
|---|---|---|---|---|---|---|---|
| Tax | Period | Date Assessed | Date of Lien Notice | Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Amount |
| Income | 12/31/99 | 05/28/01 | 06/06/02 | $10,837.79 | $2,078.21 | $0.00 | $12,916.00 |
| | | | | | | **Total Secured Claims** | **$12,916.00** |

| Unsecured Priority Claims | | | | | |
|---|---|---|---|---|---|
| Tax | Period | Date Assessed | Tax Due | Interest to Petition Date | Total Amount |
| Civil Penalty | 12/31/97 | 12/25/00 | $24,220.75 | $6,739.55 | $30,960.30 |
| Civil Penalty | 3/31/98 | 9/13/99 | $4,749.30 | $2,186.46 | $6,935.76 |
| Civil Penalty | 6/30/98 | 4/8/02 | $5,294.87 | $861.25 | $6,156.12 |
| Civil Penalty | 9/30/98 | 4/8/02 | $5,294.87 | $859.94 | $6,154.81 |
| Civil Penalty | 3/31/01 | 3/28/05 | $6,085.23 | $0.00 | $6,085.23 |
| Civil Penalty | 6/30/01 | 3/28/05 | $6,555.53 | $0.00 | $6,555.53 |
| Civil Penalty | 9/30/01 | 3/28/05 | $5,876.96 | $0.00 | $5,876.96 |
| Income | 12/31/04 | Per Records | $7,320.00 | $0.00 | $7,320.00 |
| | | **Total Unsecured Priority Claims** | | | **$76,044.71** |

| Unsecured General Claims | | | | | | |
|---|---|---|---|---|---|---|
| Tax | Period | Date Assessed | Tax Due | Interest to Petition Date | Total Amount | |
| Income | 12/31/99 | 5/28/01 | 0 | $4,817.19 | $4,817.19 | |
| Penalty to date of petition on unsecured priority claims (including interest thereon) | | | | | | $12.00 |
| Penalty to date of petition on unsecured general claims (including interest thereon) | | | | | | $5,781.26 |
| | | | | **Total Unsecured General Claims** | | **$10,610.45** |

In the Objection, Debtor contends that the December 31, 1997 civil penalty (the "1997 Civil Penalty") was invalid because it was made in an aggregate, lump sum amount representing four quarters, instead of separate quarterly assessments. Debtor also argues that the IRS's secured claim should be limited to the value of personal property subject to the IRS's tax lien, which Debtor claims is $12,916.00 as listed in Amended Schedule D. Additionally, Debtor objected to the composition of the Claim. Debtor argues that the 1997 Civil Penalty should be classified as an unsecured priority claim and decreased from $24,220.75 to $6,055.18 and asserts that the 2004 income tax liability should be increased from $5,604.00 to $7,320.00. Additionally, Debtor claims that a portion of the June 30, 1998, civil penalty should be classified

3

as an unsecured priority claim, and that the September 30, 1998, civil penalty should be reclassified as an unsecured priority claim. Finally, Debtor contends that the 1999 income tax liability should be classified as an unsecured general claim.

In the Response, the United States failed to address Debtor's argument regarding the 1997 civil penalty, which was made in an aggregate, lump sum amount. As to Debtor's objections regarding the composition of the Claim, the United States asserts that the Amended Claim partially resolves the Objection. The Amended Claim reduces the secured claim to the value of personal property subject to the IRS's tax lien, which is $12,916.00. The Amended Claim also increases the 2004 income tax liability from $5,604.00 to $7,320.00 and reclassifies all of the civil penalties assessed pursuant to 26 U.S.C. § 6672 as unsecured priority claims. Finally, the United States asserts that Debtor failed to introduce any evidence supporting his arguments to decrease the 1997 Civil Penalty or reclassify the 1999 income tax liability.

The Court finds that the Amended Claim resolves Debtor's argument to reduce the IRS's secured claim to $12,916.00. Furthermore, the Amended Claim also resolves Debtor's contention that the 2004 income tax liability should be increased from $5,604.00 to $7,320.00. According to the Stipulation, only two issues raised by the Objection require a determination by the Court. The first issue for the Court to address is whether a lump sum assessment of the 1997 Civil Penalty is permissible. The second issue the Court must address is whether the Debtor may reclassify the 1999 income tax liability as an unsecured general claim.

4

## CONCLUSIONS OF LAW

### A. Lump Sum Assessment of the 1997 Civil Penalty

Debtor argues that the 1997 Civil Penalty was invalid because it was made in an aggregate, lump sum amount representing four quarters, instead of separate quarterly assessments. Debtor failed to cite any case law or introduce any evidence in support of his argument. In the Response, the United States did not address Debtor's argument regarding the validity of the 1997 Civil Penalty.

The Internal Revenue Code requires employers to withhold federal social security and income taxes from the wages of their employees and pay them over to the government. 26 U.S.C. §§ 3102(a); 3402(a); and 3403. 26 U.S.C. § 6672(a) provides that when a person who is required to withhold and pay over trust fund taxes willfully fails to do so, he is liable for a penalty equal to the total amount of the unpaid taxes. This penalty is imposed on the "responsible person," that is, the person who 1) was responsible for either collecting, truthfully accounting for, or paying over such taxes, and 2) willfully failed to do so. *Stallard v. U.S.*, 12 F.3d 489, 493 (5th Cir. 1994) (internal citations omitted). Before imposing liability under § 6672, the IRS must properly notify the responsible party and must properly assess the penalty against such party. *Id.* (citing 26 U.S.C. §§ 6203, 6303, and 6671(a)). Courts have held that a lump sum assessment of § 6672 penalties by the IRS is permissible. *See Taylor v. I.R.S.*, 69 F.3d 411, 419 (10th Cir. 1995); *Stallard*, 12 F.3d at 495; *Ronsberg v. U.S.*, 798 F. Supp. 582, 583-86 (D.N.D. 1992).

In *Taylor*, the plaintiff appealed a District Court order holding him liable to the IRS for

tax penalties under 26 U.S.C. § 6672. *Taylor*, 69 F.3d at 413. One issue raised on appeal was whether the assessment made by the IRS was invalid because it was made in an aggregate, lump sum amount representing nine quarters, instead of separate quarterly assessments. *Id.* at 418. The Tenth Circuit held that an aggregate, lump sum assessment of § 6672 penalties is permissible, as long as the IRS identifies the particular tax period for which the taxpayer is liable. *Id.* An assessment based on the last period for which the taxpayer is a responsible party would be sufficient as that assessment would be for a particular tax period in which the taxpayer is liable, and that assessment would accurately reflect that an accrued amount is due for that period. *Id.* at 418-19 (citing *Stallard*, 12 F.3d at 495). Consequently, the Tenth Circuit affirmed the District Court's determination that an aggregate assessment of § 6672 penalties was valid. *Id.* at 419.

In this case, the 1997 Civil Penalty was assessed in an aggregate lump sum amount representing four quarterly assessments for the 1997 tax period. The Court finds that the 1997 Civil Penalty represents an accrued amount for the 1997 tax period. The Court agrees with the *Stallard* and *Taylor* decisions that an assessment reflecting an accrued amount for a tax period is sufficient. Accordingly, the Court holds that the aggregate, lump sum assessment of the 1997 Civil Penalty was valid.

### B. Reclassification of the 1999 Income Tax Liability

Debtor argues that the 1999 income tax liability should be reclassified as an unsecured general claim. In the Response, the United States asserts that Debtor failed to introduce any evidence supporting his argument to reclassify the 1999 income tax liability.

6

Debtor relies upon the case of *U.S. v. Arndt (In re Arndt)*, 201 B.R. 853 (M.D. Fla. 1996) in support of his argument to reclassify the 1999 income tax liability. In *Arndt*, the IRS asserted that the debtor, who operated a grading and sodlaying business, improperly classified his workers as independent contractors rather than as employees. *Id.* at 855. The Bankruptcy Court concluded that the debtor misclassified only three of his workers and that the debtor was entitled to tax payer relief for those misclassified workers under the "Safe Harbor" provisions of 26 U.S.C. § 3401. *Id.* The IRS appealed, arguing that (1) the Bankruptcy Court improperly placed the burden of persuasion on the IRS; (2) that the Bankruptcy Court misclassified the workers not classified as employees; and (3) that relief under § 3401 was improper for those workers whom the debtor misclassified. *Id.*

The District Court found that the Bankruptcy Court's placement of the ultimate burden of proof with the IRS was proper. *Id.* at 858. The debtor need only present evidence supporting its objection to shift the burden of proving the claim back to the IRS. *See id.* at 857 (citing *In re Rasbury*, 141 B.R. 752, 757 (N.D. Ala. 1992)). The District Court also determined that the debtor did not possess an employer-employee relationship with its sodlayers, graders and landscaper, but that debtor's secretary/bookkeeper and truck driver were employees. *Id.* at 858. Finally, the District Court concluded that the debtor did not satisfy the requirements for the "Safe Harbor" provisions of 26 U.S.C. § 3401, which provide a "safe harbor" to employers who improperly classify their employees as independent contractors in good faith. *Id.* at 859-60. Therefore, the District Court affirmed in part and reversed in part the Bankruptcy Court's order. *Id.* at 855.

The Court finds *Arndt* inapplicable to the facts and issues presented in this case. *Arndt* provides no authority that the Court may reclassify the 1999 income tax liability.

Debtor also relies upon *U.S. v. Specialty Cartage, Inc.*, 113 B.R. 484 (N.D. Ind. 1990) in support of his argument to reclassify the 1999 income tax liability. In *Specialty Cartage*, the IRS's secured claim exceeded the value of the debtor's assets; thus, the IRS's liens were undersecured. *Id.* at 485. The IRS apportioned the liens in such a way that the penalty amount due was to be treated as fully secured and the tax and interest amounts due which exceeded the security value would be treated as unsecured priority claims. *Id.* The Bankruptcy Court held that the secured portion should first be allocated to the tax and interest and then to any penalties. *Id.* The IRS appealed the Bankruptcy Court's order, arguing that the Bankruptcy Court does not have the legal authority to choose which portion of an undersecured claim IRS lien claim will be relegated to unsecured status. *Id.*

The District Court affirmed the Bankruptcy Court's order, finding that the Bankruptcy Court has the authority to choose which portion of an undersecured IRS lien claim will be classified as unsecured. *See id.* at 486. The District Court found that the secured portion of the tax lien should first be allocated to the tax and interest and then to any penalties. *See id.* Accordingly, the Bankruptcy Court's order apportioning the undersecured amount of the IRS's claim was affirmed. *Id.* at 487.

The United States relies upon *In re Senise*, 202 B.R. 403 (Bankr. D.S.C. 1996) in its opposition to Debtor's argument to reclassify the 1999 income tax liability. In *Senise*, the debtor filed a petition under Chapter 13 of the Bankruptcy Code on September 8, 1995, and

subsequently objected to the composition of the IRS's claim. *Id.* at 405-06. Upon the debtor's motion to value with respect to the secured claim, the Bankruptcy Court determined that the IRS was secured against $14,690 of the debtor's property. *Id.* at 406. The IRS's secured claim consisted of the debtor's 1989 and 1990 income tax liabilities. *Id.* The IRS's claim was undersecured; therefore, the remaining unpaid balance from the 1989 and 1990 income tax liabilities were reclassified as general unsecured claims. *Id.* The debtor's 1992 and 1993 income tax liabilities and 1993 civil penalty were classified as unsecured priority claims. *Id.* The debtor sought to reclassify the 1989 and 1990 income tax liabilities as unsecured general claims. *Id.* The debtor argued that the 1993 civil penalty and the 1993 income tax liability should be reallocated to the secured claim, which would result in the 1989 and 1990 tax liabilities being stripped to general claims. *Id.*

The Bankruptcy Court recognized that neither the debtor, nor the Bankruptcy Court, has the authority to reclassify a claim that is properly filed under the classification scheme of the Bankruptcy Code. *Id.* at 407. Accordingly, the Bankruptcy Court examined the composition of the IRS's claim in order to determine whether it was properly filed. *Id.* at 407-09.

The Bankruptcy Court found that the secured claim of $14,690 was properly comprised of the 1989 and 1990 tax liens. *Id.* at 409. The general rule with respect to priority against secured federal tax liens under nonbankruptcy law is "first in time, first in right." *Id.* (internal citations omitted). The Bankruptcy Court concluded that the 1989 and 1990 tax liens, which were the first liabilities assessed and the first tax liens to attach, may be secured. *Id.* Additionally, the Bankruptcy Court found that the 1992 and 1993 income tax liabilities were properly classified as

priority claims pursuant to 11 U.S.C. § 507(a)(8)(A) because these liabilities were due within three years of the bankruptcy petition. *Id.* Finally, the Bankruptcy Court determined that the 1993 civil penalty assessed pursuant to 26 U.S.C. § 6672(a) was properly classified as a priority claim pursuant to 11 U.S.C. § 507(a)(8)(C). *Id.* Consequently, the Bankruptcy Court overruled the debtor's objections. *Id.* at 411.

The Court agrees with the conclusions reached in both *Specialty Cartage* and *Senise*, that the Court may reclassify claims that are improperly filed under the classification scheme of the Bankruptcy Code. However, neither case supports Debtor's argument that the Court should reclassify the 1999 income tax liability. The secured claim was properly comprised of the 1999 income tax liability because it was the first tax lien to attach upon the filing of a lien notice on June 6, 2002. Furthermore, each of the civil penalties was assessed pursuant to 26 U.S.C. § 6672(a) and were appropriately classified as unsecured priority claims pursuant to 11 U.S.C. § 507(a)(8)(C). *See also In re Mosbrucker*, 220 B.R. 656, 659 (Bankr. D.N.D. 1998). Finally, the 2004 income tax liability was appropriately classified as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8)(A) because this tax liability was due within three years of the bankruptcy petition. Therefore, the Court concludes that the 1999 income tax liability was properly classified under the classification scheme of the Bankruptcy Code, and the Court has no authority to reclassify that claim.

## CONCLUSION

The Court holds that the aggregate, lump sum assessment of the 1997 Civil Penalty was valid. The 1997 Civil Penalty represents an accrued amount for the 1997 tax period, and an

aggregate, lump sum assessment is valid under applicable law. The Court also finds that the secured claim was properly comprised of the 1999 income tax liability because it was the first tax lien to attach. Therefore, the Court has no authority to reclassify the 1999 income tax liability.

## ORDER

The Court, having considered the Objection, the Response, the Stipulation, applicable law and being otherwise fully advised in the premises, hereby:

**ORDERS AND ADJUDGES** that the Objection is **OVERRULED.**

**ORDERED** in the Southern District of Florida on November 7, 2005

**PAUL G. HYMAN, JR.**
**United States Bankruptcy Judge**

Copies Furnished To:

Daniel Gary Gass
9237 NW 45 St
Sunrise, FL 33351

Ladd C. Brown
Special Assistant
United States Attorney
Royal Palm Building, Ste. 300
1000 S. Pine Island Road
Plantation, FL 33324

United States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

Civil Process Clerk
United States Attorneys' Office
500 East Broward Blvd, 7th Floor
Fort Lauderdale, FL 33394

Nannette Albers
Compliance Services Insolvency
Internal Revenue Service
POB 17167
Stop 5730
Ft. Lauderdale, FL 33318

Robin Weiner, Trustee

12